**ELLIOTT LEVINE JAROSLAW NEILS LLP**
One Grand Central Place
60 East 42nd Street, Suite 1570
New York, NY 10165
tel: +1 (212) 321-0510 · www.eljnlaw.com

October 28, 2026

**BY ECF (MOTION FOR LEAVE TO E-FILE SEALED DOCUMENT)**

The Honorable Rachel P. Kovner
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Julio Medina*, *et al.*, No. 25-cr-54 (S-1) (RPK) — Motion for Leave to File Under Seal Unredacted Copies of Mr. Medina's Omnibus Motion Papers and Certain Exhibits

Dear Judge Kovner:

We represent defendant Julio Medina and write, pursuant to Rule I.B of Your Honor's Individual Practice Rules, Federal Rule of Criminal Procedure 49.1, and paragraph 9 of the Stipulation and Protective Order (ECF No. 35) (the "Protective Order"), to request leave to file under seal the unredacted papers submitted today in support of Mr. Medina's omnibus pretrial motions and certain of the exhibits to those papers. A redacted version of the memorandum of law has been filed on the public docket today (ECF No. 82), together with a slip sheet for the Declaration of Lynn A. Neils (the "Neils Declaration") (ECF No. 83). The government's position on each category, where it has stated one, is set out below.

**The Protective Order.** A party who wishes to attach Discovery Material to a public filing must either "file the Discovery Material under seal and indicate to the Court their position with regard to whether the Discovery Material should remain under seal," so that the opposing party may state its position and the Court may decide, or confer with the opposing party so that, "upon agreement of the Parties," the material "may be publicly filed without further order of the Court." (ECF No. 35 ¶ 9.) Mr. Medina's motions rest in large part on the government's productions. The memorandum cites produced documents by Bates number throughout, and most of the exhibits to the Neils Declaration are compilations of produced documents. On October 11, 2026, defense counsel wrote to the government identifying each of the papers and exhibits described below and the redactions proposed, and asked for its position. The government responded on October 13, 2026. Where the parties have agreed, the material has been filed publicly under paragraph 9(b). Where they have not, it is filed under seal under paragraph 9(a), and Mr. Medina's position is stated below so that the government may state its own.

**What is filed publicly and what is filed under seal.**

1. *The memorandum of law.* The memorandum is filed publicly with limited redactions, and in full under seal. At the government's request, the public version omits passages that describe or quote the applications for warrants and orders and other material the government designated "Sensitive" under the Protective Order, and passages that describe the device list discussed in paragraph 4. The government does not object to the filing of the redacted version on the public docket or of the unredacted version under seal, and Mr. Medina does not oppose those redactions for purposes of this motion. The memorandum and the Neils Declaration describe the privileged communications contained in the images of Mr. Medina's telephones, and in the image of another person's telephone produced in discovery, by category only. Nothing filed today, publicly or under seal, discloses the content of any privileged communication.

2. *Exhibits filed publicly.* Two exhibits are filed on the public docket. Exhibit N is excerpts of the transcript of the August 21, 2025 status conference; it is a transcript of a public proceeding and is not Discovery Material. Exhibit C is the government's letter of July 22, 2026, filed without its enclosure, which is addressed in paragraph 4. The government agreed on October 13, 2026 that both the transcript and the letter may be filed publicly.

3. *The Neils Declaration and exhibits filed under seal, with a slip sheet on the public docket.* Exhibits A, B, D, E, F, G, H, I, J, K and L are filed under seal, each with a slip sheet on the public docket. Every one of them is Discovery Material, and paragraph 9(a) of the Protective Order permits a party to file Discovery Material under seal and state its position on whether the material should remain sealed. They are the City's inquiries to Exodus Transitional Community, Inc. in 2022 and its emergency hotel program records (Exhibits A and B); two banks' responses to subpoenas of the New York City Department of Investigation, which identify account holders and list account numbers (Exhibit D); the deed to the Clifton Park property and the Town of Clifton Park's correspondence, which concerns the affairs of persons who are not charged (Exhibit E); a Chase statement and two checks drawn on Exodus's account in September 2020, the recorded deed to the townhouse described in paragraph 16 of the Superseding Indictment, and three checks of Watchforce Security Services Inc. with their reverses (Exhibit F); the application, affidavit and warrants issued under No. 25-MC-545 (Exhibit G); the warrant packets for the February 2025 searches of the Bronx and Clifton Park premises, together with the FBI arrest paperwork of February 13, 2025, which contain agents' affidavits and the names, addresses and telephone numbers of persons who are not charged (Exhibits H and I); the parties' correspondence of 2025 and 2026 about the privileged material on Mr. Medina's telephones (Exhibits J and L); and the government's discovery and production letters of May 28, August 14 and October 30, 2025, which describe material the government designated Sensitive (Exhibit K). Exhibits M and O are addressed in paragraph 6. The parties agree that Exhibits G, H and I should be filed this way, and the government agreed on October 13, 2026 that several of the others could be filed publicly with redactions. Mr. Medina's position, stated under paragraph 9(a), is that none of these exhibits need remain under seal if the government agrees to its public filing or the Court directs otherwise; he files them under seal rather than redact them because the memorandum quotes the passages the motions rely on, and because redacted copies of material the government has designated

Sensitive would require the government's review of each page before filing. The Neils Declaration is filed under seal in the same way. It describes these exhibits, the enclosure discussed in paragraph 4 and the material the government designated Sensitive, document by document, so that a public version would require redactions throughout. Mr. Medina does not ask that the Declaration remain sealed, and he will file a redacted public version within fourteen days after the Court rules on this motion.

4. *An enclosure filed only under seal.* Exhibit C is the government's letter of July 22, 2026, which is filed publicly, and its enclosure, which is filed only under seal. The enclosure lists devices and accounts that the government states it obtained in other investigations, by the premises and account holders from which they came. None of those persons is a defendant in this case, and the government has stated that "[a]t present" it does not intend to offer evidence from any of the devices in its case-in-chief. Descriptions of the enclosure are redacted from the public version of the memorandum. The parties agree that the enclosure should be filed only under seal, and the government does not object to the public filing of the letter itself.

5. *Material on which the government has not stated a position.* Exhibits D and E and one document in Exhibit B that the government designated Sensitive were identified after the defense letter of October 11, 2026, and the government's response of October 13, 2026 does not address them. Mr. Medina files them under seal under paragraph 9(a) of the Protective Order so that the government may state its position, and he does not oppose their public filing if the government agrees.

6. *Exhibits M and O.* Exhibit M is the Admission and Stipulation of July 30, 2025, which is also an exhibit to a co-defendant's motion; it was provided to the defense by Ms. Hu's counsel. It is filed under seal so that it is treated the same way on both dockets, and Mr. Medina does not ask that it remain sealed if Ms. Hu and the government agree to its public filing. Exhibit O is an email chain of April 14, 2020 that was not produced in discovery. Because it is not Discovery Material, paragraph 9 of the Protective Order does not reach it, and it is filed under seal on the separate ground that it gives the names and direct and mobile telephone numbers of City employees and other non-parties.

**The redactions are narrowly tailored.** Papers submitted in support of a motion are judicial documents to which a presumption of public access attaches, and they may be sealed only on specific, on-the-record findings that sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20, 124 (2d Cir. 2006). Among the countervailing interests the Court weighs are "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050–51 (internal quotation marks omitted). Courts in this District apply that principle to require the redaction of "all cell phone numbers and names of third parties" not alleged to have played a role in the charged conduct, *United States v. Zottola*, No. 18-CR-609 (HG), ECF No. 485, at 4–5 (E.D.N.Y. Sept. 12, 2022), and of third parties' medical information, *United States v. Gotti*, No. 17-CR-127 (ARR), ECF No. 103, at 2–4 (E.D.N.Y. Oct. 30, 2017). Rule 49.1 requires the redaction of home addresses to city and state and of financial-account numbers to their last

four digits, Fed. R. Crim. P. 49.1(a)(4)–(5), authorizes the Court for good cause to require the redaction of additional information, Fed. R. Crim. P. 49.1(e)(1), and provides for the filing of an unredacted copy and a reference list under seal, Fed. R. Crim. P. 49.1(f)–(g). The government's own policy is to the same effect: prosecutors are to "remain sensitive to the privacy and reputation interests of uncharged parties" in all public filings. U.S. Dep't of Just., Justice Manual § 9-27.760.

What is proposed here meets that standard. The redactions to the memorandum are limited to the passages the government asked to have redacted, which describe the warrant applications, other Sensitive material and the device list. The substance of every argument is on the public docket, and the memorandum quotes from the sealed exhibits whatever the motions rely on, so the reader of the public docket can follow each argument and see the language it rests on. Nearly all of the exhibits are the government's own productions, which the Protective Order governs; they identify uncharged persons, their accounts and their addresses, and they describe the government's other investigations. Sealing them is what paragraph 9(a) provides for, it is limited to Discovery Material and the papers that describe it, and Mr. Medina does not ask that any of it remain sealed longer than the government's position and the Court's judgment require. The unredacted papers are available to the Court and to every party.

Because sealed filings are not served through the Court's electronic filing system, the defense served the unredacted papers and the sealed exhibits on the government and on counsel for Mr. Dantzler and Ms. Hu by email yesterday.

Accordingly, Mr. Medina respectfully requests leave to file under seal the unredacted memorandum of law; the Neils Declaration; Exhibits A, B, D, E, F, G, H, I, J, K and L; the enclosure to Exhibit C; Exhibits M and O; and the Rule 49.1(g) reference list. The proposed sealed documents are submitted with this motion in accordance with the Court's instructions for sealed filings in criminal cases.

Respectfully submitted,

*/s/ Lynn A. Neils*
Lynn A. Neils
Elliott Levine Jaroslaw Neils LLP
Counsel for Defendant Julio Medina

cc (by email):
AUSAs Eric Silverberg, Sean M. Sherman, Laura Zuckerwise, Daniel Amzallag and Gilbert Rein
Sanford Talkin, Esq. (counsel for Christopher Dantzler)
Benjamin Brafman, Esq. and Ezra E. Lent, Esq. (counsel for Weihong Hu)