**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

- against -

JULIO MEDINA,
CHRISTOPHER DANTZLER, and
WEIHONG HU,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF LYNN A. NEILS IN SUPPORT OF DEFENDANT JULIO MEDINA'S OMNIBUS PRETRIAL MOTIONS**

No. 25-cr-54 (S-1) (RPK)

LYNN A. NEILS, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am a member of the bar of this Court and a partner at Elliott Levine Jaroslaw Neils LLP, counsel for defendant Julio Medina. I submit this declaration in support of Mr. Medina's omnibus pretrial motions and the accompanying memorandum of law, to place before the Court the documents cited in the memorandum, to describe the parties' correspondence and conferral on the matters the motions raise, and to provide the certification required by Local Criminal Rule 16.1. I make this declaration on personal knowledge, on my review of my firm's files and the correspondence described below, and on the review of the government's discovery productions conducted by my office under my supervision. Nothing in this declaration or its exhibits discloses the substance of any privileged communication.

## I. The Exhibits

2. Each exhibit annexed to this declaration is a true and correct copy of the document or documents it identifies. Where an exhibit compiles several documents produced in discovery, they appear behind a cover sheet in the order in which the paragraph describing the exhibit lists them, and the memorandum cites them by exhibit letter and page. The cover sheet is

page 1, and each page is stamped with the exhibit letter and page number. Exhibits that contain Discovery Material or Sensitive Discovery Material under the Stipulation and Protective Order (ECF No. 35) are filed under seal, each with a slip sheet on the public docket, with the letter-motion filed today, as paragraph 9 of that Order requires. Papers already on this Court's docket, and on the docket of United States v. Ortiz, No. 26-cr-165 (RPK), are cited by ECF number and are not attached.

3. Attached as Exhibit A is a true and correct copy of the following documents concerning the City's 2022 inquiries to Exodus, as produced by the government, in the order in which they appear behind the cover sheet (131 pages): (1) an email of June 3, 2022 from David Goldin, General Counsel of the Mayor's Office of Criminal Justice ("MOCJ"), to Mr. Medina and other Exodus staff, titled "Exodus Invoices for Security Service Expenses" (E-MOCJ001779–80); (2) an email of September 29, 2022 from Mr. Medina to Keith Schwam and Marjorie Landa of the Mayor's Office of Risk Management and Compliance ("MORMC") and to Mr. Goldin, titled "Fwd: Questions and information attached" (E-MOCJ066672–74); (3) its attachment, "Risk Management Response 9-29-2022," prepared by Exodus (E-MOCJ066703–05); (4) a letter of June 6, 2022 from Ms. Landa, Director of MORMC, to Mr. Medina (E-MOCJ069667–71); (5) an email of May 2, 2024 from Mr. Schwam to Ivette Morales of the Department of Investigation ("DOI") (EDNY_0000010309–14), with its attachment, a memorandum of May 18, 2022 from Ms. Landa and Mr. Schwam to B. McGuire, which bears no Bates number of its own; (6) a letter of June 8, 2022 from Ms. Landa to Mr. Medina (E-MOCJ069684–89); (7) an email of June 16, 2022 from Danielle Rosario of Exodus to Anna Calabrese, Joseph Berkman-Breen, Jordan Montoya, David Goldin, Keith Schwam and Marjorie Landa, copying Mr. Medina and other Exodus staff, titled "Role Update" (E-MOCJ031605); (8)

a letter of September 21, 2022 from Ms. Landa, copying Mr. Goldin, to Mr. Medina (E-MOCJ079931–46); (9) an email chain titled "RE: Contract Termination Notice," the latest an email of June 9, 2022 from Ms. Rosario to Mr. Goldin and Diana Ortiz of Exodus, copying Mr. Medina and others, below which is Mr. Goldin's email of June 8, 2022 (EDNY_0000010620–21); (10) an email chain titled "Additional Inquiries from Comptroller," the latest dated March 17, 2022 from Alison MacLeod of City Hall (E-MOCJ004944–49); (11) an email of March 14, 2022 from Anna Calabrese of MOCJ, titled "RE: Global security exit" (E-MOCJ000008–09); (12) an email chain titled "Exodus Invoicing - Updates," the latest an email of May 2, 2022 from Albelina Morillo of NCHENG to Lada Bobrytska and Chi Wai Cheung of City Hall and to Ms. Ortiz (EDNY_0000010498–505); (13) an email chain titled "RE: Global security exit," the latest an email of March 21, 2022 from Joseph Berkman-Breen to Ms. Rosario, Ms. Calabrese and others, attaching a subcontractor agreement template (EDNY_0000010601–06); and (14) the subcontract between Exodus and International Trendz, d/b/a Presidential Security Company, for the term June 3 through June 30, 2022 (EDNY_0000010643–694); and (15) an email of September 30, 2022 from Ms. Landa to Mr. Medina, copying Mr. Schwam and Mr. Goldin, replying to his email of September 29, 2022 (E-MOCJ066726–29). Exhibit A is filed under seal, with a public slip sheet.

4. Attached as Exhibit B is a true and correct copy of the following documents concerning the City's emergency hotel program, as produced by the government, in the order in which they appear behind the cover sheet (112 pages): (1) an email of March 14, 2022 from Ms. Ortiz to Ms. Rosario, copying Mr. Medina and Tomasina Salcedo, titled "Global security," attaching the executed agreement between New York City Emergency Management and Global Operations Security, Inc. (E-MOCJ000045), and the first page of that agreement, no. 2020-

020125 (E-MOCJ000046); (2) MOCJ emails of April 2020: an email of April 4, 2020 from Ms. Calabrese to the City's reentry providers, titled "RE: Reentry Hotel Provider Coordination" (E-MOCJ005445); an email of April 3, 2020 from Sarah Cassel of City Hall, forwarding Ms. Calabrese's email of the same day under the same title (E-MOCJ005990); and an email of April 20, 2020 from Jennifer Kaake of Exodus to Ms. Calabrese, titled "4/20/20 Wyndham Garden Wellness Check" (E-MOCJ006008); (3) an email of April 1, 2021 from Ben Rodriguez to Nora Reissig of Exodus, copying City Hall, MOCJ and Exodus staff, titled "Re: Exodus Call" (E-MOCJ039901–04); (4) a screenshot of a message thread containing an email of August 18, 2021 from Danielle Ben-Ishay to Deputy Commissioner Henderson approving the extension of the hotel site until September 30, 2021 (SENSITIVE_EDNY_0000220767); (5) the Emergency Agreement for the Procurement of COVID-19 Emergency Hotel Services between the City of New York, acting through MOCJ, and Exodus, dated June 11, 2020, E-PIN No. 00220E0007001 (EDNY_0000057479–570); and (6) Amendment #5 to that agreement, for the period July 1 through December 31, 2021 (EDNY_0000057575–83). Exhibit B is filed under seal, with a public slip sheet.

5. Attached as Exhibit C is a true and correct copy of the government's letter of July 22, 2026, signed by AUSAs Eric Silverberg, Sean M. Sherman and Laura Zuckerwise (pages 2–4 of the exhibit), with its enclosed list of devices and accounts (pages 5–6), behind a cover sheet (6 pages). The letter is filed publicly. The enclosed list is filed only under seal, with a public slip sheet.

6. Attached as Exhibit D is a true and correct copy of the following documents concerning subpoenas issued by DOI, as produced by the government, behind a cover sheet (6 pages): (1) the cover letter of October 13, 2022 from Leah Lucas, Operations Manager, Chase

Customer Service, to Matin Modarressi, Assistant Inspector General, DOI, and the declaration of Jessica R. Cruz, Chase's custodian, of the same date (EDNY_0000051662 at 1–2; the file runs to 5,159 pages and only these two are attached); and (2) the letter of November 23, 2022 from Jamie Goodman of Santander Bank, N.A. to Mr. Modarressi (EDNY_0000056274–76, which also bears the stamp EDNY_0000052613–15). Exhibit D is filed under seal, with a public slip sheet. In any public copy, account numbers are redacted to the last four digits and a DOI employee's telephone number is redacted.

7. Attached as Exhibit E is a true and correct copy of the following documents concerning 514 Vischer Ferry Road, Clifton Park, New York, as produced by the government, behind a cover sheet (10 pages): (1) the deed dated September 20, 2024 adding Mrs. Medina as a tenant in common, recorded September 20, 2024 in the Saratoga County Clerk's Office as instrument no. 2024023588 (EDNY_0000057579–81); (2) an email of September 23, 2024 from Paul Pelagalli of the Town of Clifton Park to Matin Modarressi of DOI, copying Cynthia Zlogar, forwarding the recorded deed (EDNY_0000057582); and (3) an email chain of May 7 through 28, 2024 between the Town's zoning attorney, Neil Weiner, and Mr. Dantzler's title office, Noelle Tracy, Director of Title Services at the Law Offices of Elizabeth A. Byrne LLC (EDNY_0000057130–34). Exhibit E is filed under seal, with a public slip sheet.

8. Attached as Exhibit F is a true and correct copy of the following documents, as produced by the government, behind a cover sheet (15 pages): (1) the JPMorgan Chase statement for an Exodus account for September 1 through 30, 2020, showing checks paid (EDNY_0000199484); (2) checks nos. 619 and 620 payable to Meiqiao LLC, each dated September 11, 2020, drawn on Exodus's account (EDNY_0000199531 and EDNY_0000199532); (3) the recording and endorsement cover page and deed for 946 St.

Nicholas Avenue, New York, New York, recorded September 21, 2022 (EDNY_0000193567–76); and (4) an image of Watchforce Security Services Inc. checks nos. 101, 102 and 105, with their reverses (EDNY_0000045707). Exhibit F is filed under seal, with a public slip sheet.

9. Attached as Exhibit G is a true and correct copy of the application, affidavit of Matthew London and four warrants issued by Magistrate Judge Joseph A. Marutollo on February 7, 2025 under No. 25-MC-545 for location information concerning telephone number 646-319-7618, as produced by the government at EDNY_0000059112–179, behind a cover sheet (69 pages). The location records produced under those warrants (EDNY_0000003361–63, a spreadsheet and two compressed files of native data) are cited by Bates number and are not attached. On each of the four warrants the box authorizing delayed notice is unchecked and no date is entered (EDNY_0000059157, 163, 169, 175; Ex. G at 47, 53, 59 and 65), and the return section of the AT&T warrant is blank (EDNY_0000059164; Ex. G at 54). Exhibit G is filed under seal, with a public slip sheet.

10. Attached as Exhibit H is a true and correct copy of the warrant packet for the search of 8 Fordham Hill Oval, Apartment 10C, Bronx, New York on February 13, 2025, under the warrant issued by the United States District Court for the Southern District of New York on February 12, 2025 (No. 25-MAG-519), as produced by the government at EDNY_MEDINA_0000000221–298, together with the arrest paperwork produced at EDNY_MEDINA_0000000040–41 (the FBI report of Mr. Medina's arrest on February 13, 2025, drafted by Special Agents Brynlee Hairston, Andrew Taff, William Fath and Joseph Duome) and EDNY_MEDINA_0000000043 (the advice of rights), behind a cover sheet (82 pages). The packet includes the warrant and its Attachment B (…0250–53), the FBI evidence log (…0225), the sketch (…0229), the execution log (…0230), the blank return pages (…0281, …0290) and

the sign-in log (…0298). Exhibit H is filed under seal, with a public slip sheet; in any public copy the address appears as "Bronx, New York."

11. Attached as Exhibit I is a true and correct copy of the warrant packet for the search of 514 Vischer Ferry Road, Clifton Park, New York, under the warrant issued by Magistrate Judge Evangelista of the Northern District of New York on February 12, 2025 (No. 1:25-SW-34 (PJE)), as produced by the government at EDNY_MEDINA_0000000299–372, behind a cover sheet (74 pages). The return page (…0365) is blank. Exhibit I is filed under seal, with a public slip sheet.

12. Attached as Exhibit J is a true and correct copy of (a) my emails with Assistant United States Attorney Eric Silverberg of March 21 through April 7, 2025, titled "Medina - Privilege Terms" (pages 2–4 of the exhibit); (b) AUSA Silverberg's email to defense counsel of April 30, 2025, 3:09 p.m., titled "25-CR-054 - Discovery," printed from the copy I received (page 5); and (c) the government's discovery letter of May 13, 2025, signed by AUSAs Meredith A. Arfa, Eric Silverberg and Sean M. Sherman (pages 6–7), behind a cover sheet (7 pages). Exhibit J is filed under seal, with a public slip sheet.

13. Attached as Exhibit K is a true and correct copy of the government's discovery letter of May 28, 2025 (pages 2–4 of the exhibit) and its production letters of August 14, 2025 (pages 5–7) and October 30, 2025 (pages 8–9), each signed by AUSAs Meredith A. Arfa, Eric Silverberg and Sean M. Sherman, which produced the responsive reports for Mr. Medina's second and primary telephones (SENSITIVE_EDNY_0000185756 and SENSITIVE_EDNY_0000192380), behind a cover sheet (9 pages). Exhibit K is filed under seal, with a public slip sheet.

14. Attached as Exhibit L is a true and correct copy of, in chronological order, the email correspondence between defense counsel and the government, and between the government and co-defendants' counsel, of August 13 through September 25, 2026 concerning the privileged material in the images of Mr. Medina's telephones, behind a cover sheet (19 pages). It includes the email of Grace Gill and me of August 13, 2026, 11:09 a.m.; AUSA Silverberg's reply of 3:38 p.m. that day; the reply of counsel for Mr. Dantzler; AUSA Silverberg's email of August 21, 2026; AUSA Zuckerwise's emails of August 28, September 8 and September 15, 2026; and my email of September 11, 2026 returning the government's draft order; and the threads titled "Privileged Communications -- Urgent" and "Medina et al - Clawback Request." Exhibit L is filed under seal, with a public slip sheet.

15. Attached as Exhibit M is a true and correct copy of the "Admission and Stipulation" dated July 30, 2025, signed by Ms. Hu, her counsel and the government (pages 2–4 of the exhibit), with its Attachments A and B, Ms. Hu's counsel's handwritten notes of the government's January 30, 2025 reverse proffer (pages 5–7), behind a cover sheet (7 pages). It bears no Bates number. My office received this copy from Ms. Hu's counsel on October 6, 2026. Exhibit M is filed under seal, with a public slip sheet.

16. Attached as Exhibit N is a true and correct copy of excerpts (pages 1, 7–11, 16–17 and 20) of the transcript of the status conference held before the Court on August 21, 2025, reported by Rivka Teich, behind a cover sheet (10 pages; transcript page 1 is at page 2 of the exhibit). Exhibit N is filed publicly.

17. Attached as Exhibit O is a true and correct copy of an email chain of April 14, 2020 titled "Reentry Provider Hotel Coordination," which Jennifer Kaake of Exodus sent to Mr. Medina and me on September 29, 2026. The chain begins with an email of April 14, 2020 from

Anna Calabrese of MOCJ to the City's reentry providers and continues with replies from Eric Garvin of MOCJ and from Fedcap and Exodus staff. It was not produced by the government and bears no Bates number. Its provenance is described in paragraph 35. Exhibit O is filed under seal, with a public slip sheet.

18. The figures given in paragraphs 21, 22, 29 and 30 for the volume and content of the government's production were compiled under my supervision from the government's discovery and production letters and from the productions themselves.

**II. Mr. Medina's Devices and the Privileged Material**

19. Mr. Medina was arrested on February 13, 2025, and agents seized his two cellular telephones that day. On March 21, 2025, AUSA Silverberg wrote to me that the government had "obtained electronic devices/accounts related to your client" and asked, "[o]ut of an abundance of caution," for "a list of any attorneys with whom he or his corporate entities had a privileged relationship." On April 7, 2025, I sent him the names and email addresses of the attorneys with whom Mr. Medina and his employer had worked or consulted, and he acknowledged receipt the same day. (Ex. J.) No filter or taint attorney has ever been identified to me.

20. On April 30, 2025, AUSA Silverberg wrote to counsel for all three defendants: "We intend to produce forensic copies of all of the defendants' devices to each of you in the next production. Please let us know if you have any objections. Otherwise, please send us a 3 TB hard drive to be used for the production." The government's letter of May 13, 2025 asked for the hard drive "further to our email dated April 30, 2025." Neither document said that the copies would be produced without a privilege review, or that they contained privileged communications or protected health information. (Ex. J.)

21. By letter of May 28, 2025, the government produced to counsel for all three defendants Cellebrite extractions and reports for seven devices, including Mr. Medina's two

telephones (SENSITIVE_EDNY_0000144376 and SENSITIVE_EDNY_0000144377). (Ex. K.) In later productions on June 3 and July 16, 2025 and April 20, 2026, the government produced full images of three more telephones and two laptops, for a total of ten telephones and two laptops. The images of Mr. Medina's telephones were designated "Sensitive" under ECF No. 35. Nothing in them was withheld or redacted.

22. The government produced its Rule 16 responsiveness designations for Mr. Medina's telephones on August 14, 2025 (his second telephone, SENSITIVE_EDNY_0000185756) and October 30, 2025 (his primary telephone, SENSITIVE_EDNY_0000192380). By those designations, 2.88 GB of the 500.32 GB image of his primary telephone (0.58%) and 0.86 GB of the 72.83 GB image of his second telephone (1.18%) are responsive. (Ex. K at 5–9.)

23. Because the complete images were produced before, and separately from, the government's responsiveness designations, my office's review of Mr. Medina's devices focused on the material the government designated as responsive, as those designations were produced. My office was not reviewing Mr. Medina's own devices for private or privileged information in that period.

24. In August 2026, my office determined that the images of Mr. Medina's telephones contain communications between Mr. Medina and his counsel, including me and my firm; communications with Danielle Rosario, Exodus's in-house counsel, made while she acted as counsel; communications between Mr. Medina and his wife; and protected health information of Mr. Medina and of third parties.

25. At 11:09 a.m. on August 13, 2026, Grace Gill and I wrote to AUSAs Silverberg, Sherman and Laura Zuckerwise that the government had produced Mr. Medina's privileged

communications to his co-defendants' counsel in unredacted images of his telephones, along with protected health information; that Mr. Medina had not waived and did not waive any privilege; and that the government should claw back the material, document who had had access to it, and tell us whether a filter AUSA had been assigned. At 3:38 p.m., AUSA Silverberg disputed that the government had done anything improper, citing its April 30, 2025 email and the absence of an objection. The same afternoon, he asked counsel for Mr. Dantzler and for Ms. Hu to delete their copies of the two images and wrote that the government would "replace them with the potentially privileged communications removed." Counsel for Mr. Dantzler replied, "Ok, will do." On September 8, 2026, AUSA Zuckerwise told me that Ms. Hu's counsel had confirmed deletion. (Ex. L.)

26. On August 21, 2026, AUSA Silverberg wrote: "We employed an appropriate filter process and, to our knowledge, the case team has not reviewed privileged materials. We are not aware of authority requiring us to describe that process to you." The government has never identified who conducted any filter review, when it was conducted in relation to the May 28, 2025 production, or who on the prosecution team has had access to the images. No written certification of deletion covering staff, vendor or derivative copies has been received from the government or from co-defendants' counsel. (Ex. L.)

27. On August 28, 2026, AUSA Zuckerwise wrote that the government understood that the defense "would object to a production of an extraction of the full device, and we will not make it without giving you an opportunity to first seek relief from the Court." In the same email she wrote, "We don't agree that it is our responsibility to claw back the produced materials." On September 15, 2026, she agreed to the final form of the proposed order under Fed. R. Evid. 502(d). On October 2, 2026, Mr. Medina filed a letter-motion for its entry (ECF No. 68;

proposed order at ECF No. 68-1). By order of October 5, 2026, the Court permitted the government to respond by October 19, 2026, and Mr. Medina to reply by October 26, 2026. (Ex. L.) As of the date of this declaration, the order has not been entered.

28. The government also produced to all defendants the full image of a telephone belonging to Diana Ortiz (SENSITIVE_EDNY_0000229410), which contains communications between Ms. Ortiz and her counsel. On October 6, 2026, defense counsel told the government that it had produced those communications. Ms. Ortiz's counsel has told me that Ms. Ortiz did not produce them and did not intend to waive any privilege over them.

**III. The Volume and Form of the Government's Production**

29. As of October 14, 2026, the government's production totaled 4.338 terabytes: 229,705 Bates-numbered files in 174 production sets (267.26 GB), and 3,985.79 GB of full forensic images of ten telephones and two laptops, of which the government has designated 58.68 GB (1.47%) as responsive. The full images were produced first. The responsive sets followed between July 29, 2025 and July 22, 2026. The interval between a full image and its responsive set ran from 62 to 247 days, and to 420 days for the operative version for one device. No responsive set has been produced for Mr. Dantzler's telephone.

30. The telephones of Ms. Hu and of four other persons connected to her businesses contain material in Chinese. Translated reports of the responsive material have been produced for Ms. Hu's two telephones (SENSITIVE_EDNY_0000192381–82). Those reports can be opened only in Cellebrite's reader software. For the device of Tian Xu (known as Janice), the government produced the full extraction on May 28, 2025 (SENSITIVE_EDNY_0000144371) and responsive reports on January 30, 2026 (SENSITIVE_EDNY_0000220767) and July 22, 2026 (SENSITIVE_EDNY_0000229415, an update of the January report). None of those has been translated, and neither have the devices of the three others. On October 27, 2026, AUSA

Zuckerwise wrote that the translations of items from Ms. Hu's devices previously produced were "unofficial translations" made "using a Cellebrite Chinese language pack that the FBI previously had access to," that the language pack "is no longer available to our agents," and that the government does "not have the ability to create and produce translations in this manner for other devices."

31. The government produced the files in Gary Jenkins's email account at the Department of Social Services on a flash drive under a single Bates number, SENSITIVE_EDNY_0000229412: 342,206 files, about 217,000 of them emails, for January 2020 through March 2023, without item or page numbering and without any apparent privilege filter.

32. The volume of the production has imposed a substantial and continuing burden on the defense. To make the full device images reviewable at all, my office has had to retain an outside e-discovery vendor to retrieve, host and search nearly four terabytes of device images, an expense Mr. Medina continues to bear every month, although the government has designated less than 1.5 percent of that data as responsive. Searching the images has also required substantial attorney and staff time, much of it spent on material the government had not reviewed before producing it.

**IV. Material Concerning Ms. Hu and Other Investigations**

33. The government's letter of July 22, 2026 states that the government "is in possession of certain devices" "obtained in connection with other investigations" that it "has reason to believe contain communications involving at least one of the defendants in this case," and that it did not "at present" intend to offer evidence from them in its case-in-chief, and that it would "promptly notify" defense counsel if that changed. The enclosed list identifies 96 devices

and accounts from four premises and seven cloud accounts. None of the listed premises or accounts is Mr. Medina's or Exodus's. (Ex. C at 2–4; Ex. C at 5–6 (device list, under seal).)

34. On October 6, 2026, AUSA Zuckerwise told me that she was aware of the July 30, 2025 Admission and Stipulation (Ex. M) but had not seen it, and could not say whether the government would offer any statement of a co-defendant at a joint trial.

**V. The April 14, 2020 MOCJ Email Chain**

35. On September 29, 2026, Jennifer Kaake, Senior Director of Healing at Exodus, sent Mr. Medina and me the email chain annexed as Exhibit O. It begins with an email of April 14, 2020 from Anna Calabrese, MOCJ's Executive Director of Reentry Initiatives, to the City's reentry providers ("This is the address of the new hotel"), identifying the Wyndham Garden Fresh Meadows, and continues with replies from MOCJ's Eric Garvin and from Fedcap and Exodus staff. My office searched the government's productions for the chain, and for any document dated April 13 through April 15, 2020, and found neither.

36. The MOCJ email produced by the government has no Inbox or Sent Items coverage before July 2020 for any custodian. Of the 11,954 documents produced from Ms. Calabrese's mailbox, the Inbox begins July 8, 2020, the Sent Items hold one item dated before August 2020, and the 49 documents dated before July 1, 2020 all come from her Drafts and Deleted Items folders. Those include the twelve April 2020 MOCJ emails in the production (among them E-MOCJ005445, 005990, 005994, 006001 and 006008). Apart from two emails of July 8, 2020 in Ms. Dozier-Lewis's mailbox, the mailboxes of the other MOCJ custodians begin on July 28, 2020.

**VI. The September 21, 2026 Request and the October 6, 2026 Conferral**

37. On September 21, 2026, I sent the government by email a letter requesting a bill of particulars under Fed. R. Crim. P. 7(f) and related disclosures (the "Request"), and asked for a

response by September 30, 2026, so that the parties could confer under Local Criminal Rule 16.1 before any motion was filed. The Request asked, among other things, for the particulars of Counts Two and Six; the basis for charging a single conspiracy, including any agreement between Mr. Dantzler and Ms. Hu; notice under Rule 12(b)(4)(B) of any attorney-client or marital communication the government intends to use; Rule 404(b) notice as to Ms. Hu and information about the devices on the July 22, 2026 list; whether the government intends to offer any co-defendant statement at a joint trial; how the City's 2022 inquiries came about and when the investigation was opened; communications between any law-enforcement agency and the Town of Clifton Park concerning the Clifton Park house; material concerning Global Operations Security, Inc. held by the United States Attorney's Office for the Southern District of New York; and a description of the filter review of Mr. Medina's devices, including the members of any filter team and whether any member of the case team has reviewed the unfiltered images. The government did not respond in writing and did not propose a date for a response.

38. On October 6, 2026, Grace Gill and I conferred by telephone with AUSA Zuckerwise in a good-faith effort to resolve the issues raised by the Request without the intervention of the Court. The government stated that it would not provide a bill of particulars. As to Counts Two and Six, it stated that a bill of particulars is not a vehicle for trial evidence and that the indictment is sufficient. It did not identify any payment, exchange, misrepresentation, act, date, participant or transferee. It did not contend that the Request was untimely.

39. On the call I corrected the Request's description of the September 12, 2020 recording: the defense has located the video at EDNY_0000000002, and the Request's statement that the defense had received only the four still images reproduced in the Superseding Indictment is withdrawn. The government stated that the video has no audio and that it would confirm that

in writing, and suggested that the defense seek any other footage by subpoena under Rule 17. It did not say from whom or how it obtained the video.

40. As to the origin of the investigation, the government stated that its investigation of Exodus grew out of another investigation; that file number 2021R00664 belongs to that other investigation and does not mark when the government began to examine Exodus or Watchforce; and that it had asked the Department of Investigation to collect its communications with MOCJ and would produce what is discoverable. It did not say when the investigation was opened, identify the other investigation, give a date for the DOI collection, or say whether any City inquiry was made at law enforcement's request. As to the April through July 2020 MOCJ email, it stated that it had produced what was in its possession and had asked DOI to collect its communications, but it did not agree to a supplemental collection from MOCJ.

41. As to the devices on the July 22, 2026 list, the government stated that Ms. Hu's communications are on them but that it has no indication that Mr. Medina's are; that it has not reviewed all of them; that the devices themselves are no longer in its possession, although it can produce forensic copies; that it is not aware of Brady material on them as to Mr. Medina; and that it does not now expect to offer evidence from them at trial. It did not identify which defendant and which investigation each device concerns, or commit to give written notice by any date if its intention changes.

42. As to privileged communications, the government stated that it intends to offer Mr. Medina's communications with Ms. Rosario, which it said had passed through its filter process on a waiver of privilege by Exodus, but it did not say how, when or by whom any waiver was given. It stated that it does not now plan to offer communications solely between Mr. Medina and his wife, but would not commit to that position, and offered to review any

communications the defense identifies by Bates number. It stated that the defense has no basis to ask about its filter process, and it declined to describe that process or identify a filter AUSA.

43. The government declined to seek or review material concerning Global Operations Security, Inc. held by the United States Attorney's Office for the Southern District of New York, stating that it has no obligation to do so. It agreed to identify the subscriber to telephone number (718) 475-0682, but not the person it contends used that number.

44. On October 14, 2026, my colleague Grace Gill wrote to the government asking for (a) the executed returns and inventories for the searches of Mr. Medina's person and of the Bronx and Clifton Park premises and for the warrant issued to AT&T under No. 25-MC-545, or confirmation that none was filed; (b) whether either of Mr. Medina's telephones was searched for evidence of 18 U.S.C. §§ 1512 or 1519 and, if so, under what warrant or other authority; (c) whether the government will offer Mr. Medina's statements of February 13, 2025; and (d) whether the government will use location information at trial. On October 19, 2026, at 11:31 a.m., AUSA Zuckerwise answered by email. She wrote: "Regarding seized items, we think this is what you are looking for: Related to the search at 8 Fordham Hill, Bronx: EDNY_MEDINA_0000000221-EDNY_MEDINA_0000000298; Related to the search at 514 Vischer Ferry Road, Clifton Park: EDNY_MEDINA_0000000299-EDNY_MEDINA_0000000372." She also wrote: "We understand that the relevant search warrants and underlying papers have already been produced to you, and they speak for themselves." She added: "Regarding the 'personal' vs 'work' phone statement, we don't presently intend to offer those statements at trial, and if that changes we will let you know." She did not address the warrant issued to AT&T under No. 25-MC-545, did not say whether the government will offer any other statement Mr. Medina made on February 13, 2025, and did not answer the

question whether it will use location information at trial. The email named no warrant and did not say whether any executed return was filed with an issuing magistrate judge. My office has reviewed the government's productions and has found no executed return for any of the five locations searched. The return pages of the two packets the government identified are blank. (Ex. H (…0281, …0290); Ex. I (…0365); paragraphs 10 and 11.) No copy of any warrant issued under No. 25-MC-545, and no notice of its execution, has been served on me.

## VII. Local Criminal Rule 16.1 Certification

45. I certify that I have conferred in good faith with counsel for the government, by the Request of September 21, 2026, by telephone on October 6, 2026, and by email on October 14, 2026 (the government answered on October 19, 2026), in an effort to resolve by agreement the issues listed in this paragraph without the intervention of the Court, and that we were unable to reach agreement on them. The Request raised in writing the issues described in paragraph 37. On the October 6 call we discussed the bill of particulars for Counts Two and Six, the September 12, 2020 video, the origin of the investigation and the April through July 2020 MOCJ email, the devices on the July 22, 2026 list, privileged communications and the filter review, the Southern District material concerning Global Operations Security, Inc., and the subscriber to telephone number (718) 475-0682 (paragraphs 38 through 43). The October 14, 2026 email addressed only the executed returns and inventories, the authority for any search of the telephones for evidence of 18 U.S.C. §§ 1512 or 1519, the government's intention to offer Mr. Medina's statements of February 13, 2025, and its intention to use location information at trial (paragraph 44). The following were resolved or narrowed by agreement: the defense withdrew its statement that it had received only still images of the September 12, 2020 meeting; the government agreed to confirm in writing that the September 12, 2020 video has no audio; the government agreed to review any marital communications the defense identifies by Bates number; and the government

agreed to identify the subscriber to telephone number (718) 475-0682. After conferring, the defense has also narrowed its request for a bill of particulars to the particulars of Counts Two and Six set out in Schedule A to the proposed order directing a bill of particulars. The following remain unresolved: (a) every particular in Schedule A; (b) the source of the September 12, 2020 video, any other footage, the native file and its chain of custody; (c) notice under Rule 12(b)(4)(B) of the attorney-client and marital communications the government intends to use, and the basis of the claimed waiver of Exodus's privilege; (d) the identification, review and notice requested as to the devices on the July 22, 2026 list, and whether the government will offer any statement of a co-defendant at a joint trial; (e) the origin of the City's 2022 inquiries and of the investigation, and the April through July 2020 MOCJ email; (f) the Southern District material concerning Global Operations Security, Inc.; (g) the filter review of Mr. Medina's devices and access to the unfiltered images; (h) the identity of the user of telephone number (718) 475-0682; and (i) the executed returns and inventories, the authority for any search of the telephones for evidence of 18 U.S.C. §§ 1512 or 1519, and the government's use of location information at trial, as described in paragraph 44.

46. With respect to the proposed order under Fed. R. Evid. 502(d) (Point VIII), the parties conferred by email between August 13 and September 25, 2026, as described in paragraphs 25 through 27 and in Mr. Medina's letter-motion (ECF No. 68). On October 19, 2026, the government filed its response (ECF No. 72). It takes no position on the motion and has no objection to the language of the proposed order. On October 26, 2026, the Court granted the motion and so-ordered the proposed order. (Minute Entry and Order, Oct. 26, 2026.)

## VIII. Other Facts Cited in the Memorandum

47. Among the materials the government produced are JPMorgan Chase's responses to a subpoena from the New York City Department of Investigation. Chase's cover letter of

October 13, 2022, addressed to DOI Assistant Inspector General Matin Modarressi, lists as the case name "Christopher J Dantzler, Julio Medina, Exodus Transitional Community, Inc, Watchforce Security Services, Inc, Watchforce Security Services, LLC, International Trendz LLC d/b/a Presidential Security Company," with the reference "Case No.: 22-963." (EDNY_0000051662 at 1–2; Ex. D.) The transaction spreadsheets Chase produced with that letter, including four for accounts in Mr. Medina's name and five for Exodus's accounts, bear the date September 22, 2022 in their titles and file metadata. (EDNY_0000051652, 051654–55 and 051679 (Mr. Medina); EDNY_0000051646 and 051673–76 (Exodus).) Santander Bank's letter of November 23, 2022, to the same DOI official responds to a DOI subpoena concerning International Trendz, LLC. (EDNY_0000056274–76; Ex. D.) The government has not produced the subpoenas themselves or stated when they were issued. The government also produced a budget Exodus sent MOCJ in June 2021, which lists Watchforce Security Services, Inc. by name at more than $11.8 million. (E-MOCJ032969–71.)

48. Mr. Medina was Mr. Dantzler's uncle by marriage. In an email of May 2024 produced by the government, Mr. Dantzler's title officer refers to Mrs. Medina as "Christopher James Dantzler's Aunt." (EDNY_0000057131; Ex. E.)

## IX. Events After October 21, 2026

49. At 9:35 p.m. on October 21, 2026, two days before the motion deadline then in effect, the government produced material from Mr. Medina's two telephones, SENSITIVE_EDNY_0000229416–230114, with a cover letter. (ECF No. 73-1.) The production runs to more than 1,700 pages, along with 82 photographs, four videos and a voicemail; apart from four photographs and videos, the government had not designated any of it as responsive before. It includes portions of a compilation of about 2,107 pages of text messages between Mr. Medina and Ms. Rosario, produced because Exodus, through outside counsel, told the

government's filter team that it is not asserting privilege over those portions, and four letters from Exodus's outside counsel to the government, dated December 12, 2025 through April 17, 2026, identifying the pages Exodus would release. The cover letter states that on October 20, 2026, the prosecution team learned that the filter team had inadvertently given it a portion of those text messages over which Exodus had not disclaimed privilege, and that "[s]ome members of the prosecution team reviewed these materials prior to learning" of the error. (ECF No. 73-1 at 2.) It does not say who. Apart from email on the seized devices and in the City's files, the government has not produced email collected from Exodus or its custodians. Exodus's own records in the production are limited to audit reports, organizational policies and an agreement. On October 22, 2026, Mr. Medina asked the Court for an emergency conference and an adjournment of the motion deadline, and asked that the government state whether it has Exodus's email. (ECF No. 73 at 2–3.) The government opposed on October 23, 2026, stating that the prosecution team's review of materials from the filter team "is ongoing" and that it had received "an additional set of materials from the filter team today" (ECF No. 74 at 3); it did not address Exodus's email. Mr. Medina replied on October 25, 2026. (ECF No. 76.) On October 26, 2026, after a status conference, the Court granted Mr. Medina's motion under Rule 502(d) and so-ordered the proposed order; set October 27, 2026 for the defendants' pretrial motions, November 10, 2026 for the government's response and November 17, 2026 for any replies; and permitted the defendants to submit supplemental pretrial motions on the topics discussed at the conference, which included the government's late production and the partial waiver by Exodus on which the government relies, by November 10, 2026, with the government's response due November 24, 2026 and any replies due December 7, 2026. (Minute Entry and Order, Oct. 26, 2026.) At the conference, the government stated that on October 23, 2026 it had received additional files from

the filter team, which it would transmit to its agents and then produce; that Mr. Medina's telephones had been designated as Rule 16 material since they were produced in May 2025; that the filter team has now reviewed everything in the government's possession; and that it would try to consult with Exodus this week about Exodus's position on privilege. On October 27, 2026, the government's filter team produced to defense counsel the entire compilation of text messages between Mr. Medina and Ms. Rosario, 2,107 pages (FILTER_EDNY_000001–002107), shared through Box by Dejah Turla of the Department of Justice. The same day, the government filed a letter listing 105 of those pages as the material, inadvertently provided by the filter team, that members of the prosecution team viewed, and stating that, absent further waivers or disclaimers of privilege by Exodus or a judicial finding that the material is not privileged, it will not seek to admit those pages at trial. (ECF No. 79.) The letter does not say who viewed them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 27, 2026

New York, New York

/s/ Lynn A. Neils
Lynn A. Neils

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | City inquiries to Exodus, March 2022–May 2024, and the September 29, 2022 response (E-MOCJ001779–80, 066672–74, 066703–05, 069667–71, 069684–89, 031605, 079931–46, 004944–49, 000008–09; EDNY_0000010309–14 with the MORMC memorandum of May 18, 2022; EDNY_0000010498–505, 10601–06, 10620–21, 10643–694; E-MOCJ066726–29). Under seal; public slip sheet. 131 pages. |
| Exhibit B | City emergency hotel program documents (E-MOCJ000045–46, 005445, 005990, 006008, 039901–04; SENSITIVE_EDNY_0000220767; EDNY_0000057479–570, 057575–83). Under seal; public slip sheet. 112 pages. |
| Exhibit C | Government letter of July 22, 2026, with device list. Letter public; list under seal. 6 pages. |
| Exhibit D | DOI bank subpoena responses: Chase, Oct. 13, 2022 (EDNY_0000051662 at 1–2), Santander, Nov. 23, 2022 (EDNY_0000056274–76). Under seal; public slip sheet. 6 pages. |
| Exhibit E | Clifton Park deed and Town correspondence (EDNY_0000057579–82; 057130–34). Under seal; public slip sheet. 10 pages. |
| Exhibit F | Chase statement and checks nos. 619 and 620 (Sept. 2020), 946 St. Nicholas Avenue deed, and Watchforce checks nos. 101, 102 and 105 (EDNY_0000199484, 199531–32; 193567–76; 045707). Under seal; public slip sheet. 15 pages. |
| Exhibit G | No. 25-MC-545 location warrants and application (EDNY_0000059112–179). Under seal; public slip sheet. 69 pages. |
| Exhibit H | Bronx premises warrant packet, No. 25-MAG-519 (S.D.N.Y.) (EDNY_MEDINA_0000000221–298), with arrest paperwork (…0040–41, 0043). Under seal; public slip sheet. 82 pages. |
| Exhibit I | Clifton Park premises warrant packet, No. 1:25-SW-34 (PJE) (N.D.N.Y.) (EDNY_MEDINA_0000000299–372). Under seal; public slip sheet. 74 pages. |
| Exhibit J | Attorney-list emails (Mar. 21–Apr. 7, 2025); government email of Apr. 30, 2025; government letter of May 13, 2025. Under seal; public slip sheet. 7 pages. |
| Exhibit K | Government discovery letter of May 28, 2025, and production letters of Aug. 14 and Oct. 30, 2025. Under seal. 9 pages. |
| Exhibit L | Privilege and clawback correspondence, Aug. 13–Sept. 25, 2026. |

| | |
|---|---|
| | Under seal; public slip sheet. 19 pages. |
| Exhibit M | Admission and Stipulation, July 30, 2025. Under seal; public slip sheet. 7 pages. |
| Exhibit N | Status conference transcript excerpts, Aug. 21, 2025 (pp. 1, 7–11, 16–17, 20). Public. 10 pages. |
| Exhibit O | Email chain, “Reentry Provider Hotel Coordination,” Apr. 14, 2020 (from Jennifer Kaake, Sept. 29, 2026). Under seal; public slip sheet. 11 pages. |

*PAGES WITHIN EACH EXHIBIT*

Page numbers are the pages of the exhibit as filed, counting the cover sheet as page 1.

Ex. A E-MOCJ001779 at 2; 001780 at 3; 066672–74 at 4–6; 066703–05 at 7–9; 069667–71 at 10–14; EDNY_0000010309–14 at 15–20; the memorandum of May 18, 2022 at 21–28; E-MOCJ069684–89 at 29–34; 031605 at 35; 079931–46 at 36–51; EDNY_0000010620–21 at 52–53; E-MOCJ004944–49 at 54–59; 000008–09 at 60–61; EDNY_0000010498–505 at 62–69; 010601–06 at 70–75; 010643–694 at 76–127; E-MOCJ066726–29 at 128–131.

Ex. B E-MOCJ000045 at 2; 000046 at 3; 005445 at 4; 005990 at 5; 006008 at 6; 039901–04 at 7–10; SENSITIVE_EDNY_0000220767 at 11; EDNY_0000057479–570 at 12–103 (the page number is the last five digits of the Bates number less 57,467); EDNY_0000057575–83 at 104–112.

Ex. C Letter at 2–4; enclosed list of devices and accounts at 5–6.

Ex. D EDNY_0000051662 at 2; 051663 at 3; 056274–76 at 4–6.

Ex. E EDNY_0000057579–81 at 2–4; 057582 at 5; 057130–34 at 6–10.

Ex. F EDNY_0000199484 at 2; 199531 at 3; 199532 at 4; EDNY_0000193567–76 at 5–14; EDNY_0000045707 at 15.

Ex. G EDNY_0000059112 at 2 through 059179 at 69 (the page number is the last five digits of the Bates number less 59,110).

Ex. H EDNY_MEDINA_0000000040–41 at 2–3; 000043 at 4; 000221 at 5 through 000298 at 82 (from page 5, the page number is the Bates number less 216).

Ex. I EDNY_MEDINA_0000000299 at 2; 000300 at 3; 000301 at 4; 000302 at 5; 000303 at 6; 000304–305 at 7; 000306 at 8 through 000372 at 74 (from page 8, the page number is the Bates number less 298).

Ex. J Emails of March 21 through April 7, 2025 at 2–4; email of April 30, 2025 at 5; letter of May 13, 2025 at 6–7.

Ex. K Letter of May 28, 2025 at 2–4; letter of August 14, 2025 at 5–7; letter of October 30, 2025 at 8–9.

Ex. L Emails headed “Privileged Communications — Urgent” at 2–8; emails headed “Medina et al — Clawback Request” at 9–19.

Ex. M Admission and Stipulation at 2–4; Attachments A and B at 5–7.

Ex. N Transcript page 1 at 2; 7 at 3; 8 at 4; 9 at 5; 10 at 6; 11 at 7; 16 at 8; 17 at 9; 20 at 10.

Ex. O Email chain of April 14, 2020 at 2–11.